IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BRIAN LANIER TURNER,** | ] |
| **Movant,** | ] |
| v. | ] Case No.: 2:22-cv-8005-ACA |
| **UNITED STATES OF AMERICA** | ] |
| **Respondent.** | ] |

## MEMORANDUM OPINION

Movant Brian Lanier Turner, proceeding *pro se*, moves to vacate his sentence under 28 U.S.C. § 2255, contending that his sentence is a miscarriage of justice because the court erroneously applied guideline and statutory enhancements ("Ground One"); trial counsel was ineffective for failing to object to the alleged sentencing errors ("Ground Two"); and appellate counsel was ineffective for failing to challenge the alleged sentencing errors ("Ground Three"). (Doc. 1 at 5–7). Because Ground One is procedurally defaulted and Grounds Two and Three are meritless, the court **WILL DENY** his motion and **WILL DENY** a certificate of appealability.

### I.   BACKGROUND

In 2018, the grand jury indicted Mr. Turner for conspiracy to possess with the intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C.

§ 841(a). *United States v. Turner*, case no. 2:18-cr-00594-ACA-GMB-1, doc. 1 (N.D. Ala. Nov. 29, 2018).[1] Before his trial, the government filed a notice that Mr. Turner was subject to a sentencing enhancement under § 841(b) because he had convictions for unlawful distribution of a controlled substance, in violation of Alabama law, in six separate state court cases. (*Turner* doc. 52 at 2). A jury found Mr. Turner guilty of conspiring to possess with the intent to distribute 500 grams or more of a mixture and substance containing methamphetamine and less than 500 grams of a mixture and substance containing cocaine. (*Turner* doc. 55).

The presentence investigation report set out Mr. Turner's lengthy criminal history in detail. (*Turner* doc. 86 at 10–24). The only convictions relevant to this § 2255 motion are his six convictions for unlawful distribution of a controlled substance, in violation of Alabama law. (*Id.* at 14–18 ¶¶ 39–44). The PSR recommended finding that two of those convictions qualified to classify Mr. Turner as a career offender under the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2 (Nov. 2018). (*Id.* at 9 ¶ 25). It also recommended finding that Mr. Turner qualified for the § 841(b) enhancement because all six convictions were "serious drug felonies." (*Id.* at 5 ¶ 4). With the § 841(b) enhancement, Mr. Turner faced a statutory sentencing range of twenty-five years to life imprisonment. (*Id.* at 28 ¶ 90).

---

[1] The court will refer to any documents filed in Mr. Turner's underlying criminal case as "*Turner* doc. ___." The court will refer to any documents filed under this case number as "doc. ___."

And with the career enhancement and an offense level of 37, Mr. Turner's advisory guidelines range was 360 months to life imprisonment. (*Turner* doc. 86 at 28 ¶ 91).

Defense counsel objected that Mr. Turner's convictions did not qualify for either enhancement because his guilty pleas in those cases were not voluntary. (*Turner* doc. 65 at 1, 3–4; *Turner* doc. 70 at 1–2). In his objection, he stated that Mr. Turner intended to challenge the state convictions collaterally. (*Turner* doc. 70 at 2). At the sentence hearing, trial counsel stated that Mr. Turner had collaterally challenged his state court convictions and the state collateral proceedings were still pending. (*Turner* doc. 96 at 4–6). The court overruled Mr. Turner's objections to the guideline and statutory enhancements and sentenced Mr. Turner to 360 months' imprisonment. (*Turner* doc. 96 at 13, 16; *Turner* doc. 87 at 1–2). Mr. Turner appealed his conviction and sentence, challenging only the court's denial of his motion to suppress evidence, and the Eleventh Circuit affirmed. *United States v. Turner*, 859 F. App'x 542 (11th Cir. 2021).

## II.  DISCUSSION

Mr. Turner raises three grounds for relief: (1) his sentence is a miscarriage of justice because of the erroneous application of a guidelines enhancement and a statutory enhancement; (2) trial counsel was ineffective for failing to object to the sentencing enhancements; and (3) appellate counsel was ineffective for failing to challenge the sentencing enhancements. (Doc. 1 at 20–38). The government

3

contends that Mr. Turner's substantive sentencing claims are procedurally defaulted and that his ineffective assistance claims are meritless. (Doc. 5). The court agrees but, for ease of analysis, will begin its discussion with the ineffective assistance claims asserted in Grounds Two and Three and will conclude with the substantive sentencing claims asserted in Ground One.

1. Ineffective Assistance

In Ground Two, Mr. Turner asserts that trial counsel was ineffective for failing to object to the career offender enhancement and the § 841(b) enhancement. (Doc. 1 at 33–35). In Ground Three, Mr. Turner asserts that appellate counsel was ineffective for failing to challenge these sentencing enhancements on appeal. (*Id.* at 36–38).

To prevail on a claim of ineffective assistance of counsel, Mr. Turner must demonstrate both that (1) his counsel's performance fell below an objective standard of reasonableness and (2) he suffered prejudice because of that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 684–91 (1984). To show deficient performance, the movant "must show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir. 2017) (quotation marks omitted). To establish prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of

the proceeding would have been different." *Strickland*, 466 U.S. at 694. This standard applies to claims of ineffective assistance of appellate counsel as well as ineffective assistance of trial counsel. *Brooks v. Comm'r, Ala. Dep't of Corr.*, 719 F.3d 1292, 1300 (11th Cir. 2013).

### a. Career Offender Enhancement

A defendant who is convicted in federal court of "a felony that is either a crime of violence or a controlled substance offense" is categorized as a career offender if he meets certain requirements set out in the Sentencing Guidelines. U.S.S.G. § 4B1.1(a). A "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b). Longstanding precedent in the Eleventh Circuit holds that a conviction for conspiracy to possess with intent to distribute a controlled substance offense fits within that definition. *United States v. Weir*, 51 F.3d 1031, 1031 (11th Cir. 1995).

Mr. Turner contends, based on non-binding precedent from other circuits, that his conviction for conspiracy to possess with the intent to distribute controlled substances cannot serve as the basis for the career offender enhancement because it is an inchoate offense and § 4B1.1(a), by its terms, does not include inchoate

offenses. (Doc. 1 at 21–29). He contends that effective counsel would have objected to using his conspiracy conviction as a basis for the career offender enhancement and that, had counsel objected, the court would have sustained the objection. (*Id.* at 33–35).

Mr. Turner cannot show deficient performance on the part of trial or appellate counsel arising from a failure to challenge application of the career offender enhancement. Eleventh Circuit precedent at the time of his sentencing held—and still holds—that conspiracy to possess with intent to distribute a controlled substance is a "controlled substance offense" as defined by § 1B1.1(a). *Weir*, 51 F.3d at 1031. An attorney's performance does not fall below an objective standard of reasonableness when he declines to raise an argument foreclosed by binding precedent. *See Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance."). For the same reason, Mr. Turner cannot show prejudice: even if trial and appellate counsel had raised the argument, binding precedent would have constrained this court and the Eleventh Circuit panel to find that Mr. Turner was a career offender. *See Strickland*, 466 U.S. at 694.

    b. *Section 841(b) Enhancement*

Section 841(b) provides statutory sentencing ranges for violations of § 841(a) depending on the weight of drugs involved, the defendant's criminal history, and

whether death or serious bodily injury resulted from use of the drug. *See* 21 U.S.C. § 841. In this case, because the jury found that Mr. Turner conspired to possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine (*Turner* doc. 55), § 841(b)(1)(A) provided Mr. Turner's potential statutory sentencing ranges. That subparagraph provides that the default statutory sentencing range is ten years to life imprisonment. 21 U.S.C. § 841(b)(1)(A). But the statutory minimum sentence increases to twenty-five years' imprisonment if the defendant committed the § 841(a) violation "after 2 or more prior convictions for a serious drug felony . . . have become final." *Id.* A conviction is "final" for purposes of § 841(b) when "all avenues of direct attack have been exhausted." *United States v. Lippner*, 676 F.2d 456, 467 (11th Cir. 1982); *see also United States v. Brazel*, 102 F.3d 1120, 1163 (11th Cir. 1997).

Before Mr. Turner's trial, the government filed a notice of intent to rely on Mr. Turner's six state convictions for unlawful distribution of a controlled substance. (*Turner* doc. 52 at 2). Trial counsel objected to the § 841(b) enhancement in part because Mr. Turner had filed a state collateral attack on the voluntariness of his guilty pleas. (*Turner* doc. 70; *Turner* doc. 96 at 4–6). Mr. Turner now contends that his state collateral attack meant that his convictions were not "final." (Doc. 1).

Again, Mr. Turner can show neither deficient performance nor prejudice. Under binding Eleventh Circuit precedent, only a pending direct appeal or the

7

availability of such a direct appeal makes a state conviction non-final. *Brazel*, 102 F.3d at 1163; *Lippner*, 676 F.2d at 467. A pending collateral attack on his convictions does not change the finality of the convictions for § 841(b) purposes. *Cf. Brazel*, 102 F.3d at 1163; *Lippner*, 676 F.2d at 467. As a result, trial and appellate counsel did not perform deficiently by failing to raise this meritless argument, and raising the meritless argument could not have changed the outcome of either the sentencing or the appeal. *See Strickland*, 466 U.S. at 684–94; *Griffith*, 871 F.3d at 1329; *Bolender*, 16 F.3d at 1573.

2. Trial Court Error

In Ground One, Mr. Turner argues that the court erroneously applied the career offender guidelines enhancement and the § 841 statutory enhancement. (Doc. 1 at 21–31). The government contends this claim is procedurally defaulted. (Doc. 5 at 2).

The doctrine of procedural default precludes a § 2255 movant from raising challenges to his sentence that he could have asserted in his direct appeal. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). The government contends that Ground One, in which Mr. Turner challenges the propriety of applying sentence enhancements to his sentence, is procedurally defaulted because he could have challenged the application of those enhancements in his direct appeal. (Doc. 5 at 2). The court agrees. Mr. Turner could have argued in his direct appeal that the court

erred by applying the guidelines and statutory enhancement but, as he concedes, he did not make any such argument to the Eleventh Circuit. (Doc. 1 at 5). As a result, Ground One is procedurally defaulted.

The court may consider a procedurally defaulted claim in two narrow situations: where the defendant can "show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error," or where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234 (emphasis and quotation marks omitted). Mr. Turner does not assert his innocence but argues that he can show cause and prejudice based on his appellate counsel's ineffectiveness in failing to raise these issues. (Doc. 1 at 5). However, as the court explained above, appellate counsel was not ineffective for failing to raise these arguments. As a result, Mr. Turner cannot escape application of the procedural default doctrine to Ground One.

### III.   CERTIFICATE OF APPEALBILITY

Rule 11 of the Rules Governing Section 2255 Cases requires the court to issue or deny a certificate of appealability when the court enters an order adverse to the movant. Rules Governing Section 2255 Cases, Rule 11(a). This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a movant "must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks omitted). The court finds that Mr. Turner has not satisfied either standard. Accordingly, the court **WILL DENY** a certificate of appealability.

## IV.  CONCLUSION

The court **WILL DENY** Mr. Turner § 2255 motion as procedurally barred in part and meritless in part. The court **WILL DENY** Mr. Turner a certificate of appealability.

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this September 28, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE